WILLIAMS v. J. W. CROWDUS DRUG CO.
(No. 5359.)

(Court of Civil Appeals of Texas. Austin. April 22, 1914.)

FRAUDULENT CONVEYANCES (§ 47*)—SALE OF STOCK IN TRADE—STATUTORY PROVISIONS.

Under Rev. St. 1911, requiring a purchaser of a stock in trade to secure from the seller a verified list of his creditors, and to notify the creditors of the proposed sale, a sale of a stock is void as to a creditor of the seller whose name was omitted from the list furnished to the purchaser, but which list was not verified by the seller, whether such omission was through mistake or actual fraud.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 34; Dec. Dig. § 47.*]

Appeal from Tom Green County Court; Oscar Frink, Judge.

Attachment by the J. W. Crowdus Drug Company against A. C. Daniels and another, in which R. L. Williams filed a claimant's oath and bond. Judgment for the plaintiff, and the claimant appeals. Affirmed.

S. C. Autry, of San Angelo, for appellant. Thomas & McCarty, of San Angelo, for appellee.

RICE, J. In March, 1911, A. C. French, who was indebted to appellee, sold his stock of goods, then in the Owl Drug Store in San Angelo, to May Daniels, wife of A. C. Daniels, who, in part payment therefor, assumed and promised to pay appellee's indebtedness against French. In September next thereafter Mrs. Daniels, acting by and through her husband, sold said entire stock of drugs

to appellant. Prior to such sale, however, he had demanded, and she had agreed to furnish him, a complete list of her creditors; but the list so furnished was incomplete, in that it did not mention appellee's claim, and was not verified, in consequence of which appellee was not notified of such contemplated sale, and did not learn of it until long thereafter. In December following appellee filed suit against A. C. Daniels and his wife, May Daniels, on the French indebtedness which had been assumed by her, and thereafter caused a writ of attachment to be issued and levied upon a portion of said stock of drugs in the possession of appellant. Thereupon appellant filed his claimant's oath and bond with A. C. De Long and S. Kistler as sureties, which writ of attachment, with sheriff's return thereon, and claimant's oath and bond, were filed in the county court of Tom Green county. The case coming on for trial, the issue was whether or not said sale from Daniels to appellant was void under the "Bulk Sales Law." There was a jury trial, resulting in a verdict and judgment in behalf of appellee, from which this appeal is prosecuted.

On the trial the court, in effect, instructed the jury to find for appellee, if they believed Mrs. Daniels was indebted to it on the French claim, the payment of which had been assumed by her, and for which judgment had been rendered in its behalf against her and her husband. Appellant requested, and the court refused to give, several charges, the substance of which was that, if Mrs. Daniels, or her agent, in making out the list of creditors, failed to place the name of the appellee on the list by mistake, or if they did not know at the time of making such list and sale that appellee was a creditor of said May Daniels, then and in that event plaintiff would not be entitled to recover.

Article 3971, R. S. 1911, known as the "Bulk Sales Law," reads as follows:

"Any sale or transfer of any portion of a stock of merchandise, otherwise than in the ordinary course of trade in the usual and regular prosecution of the seller's or transferer's business, or a sale or transfer of an entire stock of merchandise in bulk, shall be void as against creditors of the seller or transferer, unless the purchaser or transferee shall, at least ten days before the sale or transfer, in good faith, make full and explicit inquiry of the seller or transferer as to the name and place of residence or place of business of each and all creditors of the seller or transferer, and the amount owing to each such creditor by the seller or transferer, and obtain from the seller or transferer a written answer to such inquiries, which answers shall be sworn to by the seller or transferer, and unless the purchaser or transferee, at least ten days before the sale or transfer, in good faith, notify or cause to be notified personally, or by registered mail, each of the seller's or transferer's creditors, of whom the purchaser or transferee has knowledge, of said proposed sale or transfer."

Article 3972, Id., provides that any purchaser conforming to the provisions of said article shall not be held accountable to any creditor of the seller for any goods or merchandise that may have come into his possession by virtue of such sale or transfer.

The proof shows that, while appellant requested Mrs. Daniels and her husband to furnish him with a list of her creditors, as required by the statute, and a list was in fact furnished by them to him, still such list did not conform to the statute, in that it was not verified, and omitted the name, claim, and residence of appellee. It is true that this omission is sought to be excused by the seller on the ground that the bookkeeper furnished the list from the books, and that the books did not show such claim, and that Mr. Daniels refused to verify the account for the reason that he did not keep the books, and did not know whether such list was correct or not. Frequent statements of appellee's claim had been mailed to them, and the assumption of the account was of recent date, and the husband, who was acting for the wife must be presumed to have known that it had not been paid; and, while appellant had no other means of knowing whether the list contained the names of all the creditors, still he knew it was not sworn to, and received the same with such knowledge. This fact, and the refusal on the part of A. C. Daniels to verify same, was sufficient to excite further inquiry on his part. The statute makes it the duty of the seller, on demand, to furnish a complete list of his creditors. It also requires such list to be sworn to, and declares that, if this is not done, the sale shall be void. We think it is immaterial whether the omission was made through mistake or not. The parties are presumed to have known the law, and in this case it appears that they actually knew of the statute and contracted with reference thereto, and must be held bound thereby. And since the statute declares that all such sales not made in conformity thereto are void, we are constrained to hold that the sale in the present instance was invalid as against appellee, and that the court properly refused the special charges requested. And this is true, irrespective of whether such omission to comply with the law was occasioned by actual fraud or not; the failure to comply with the statute being sufficient to invalidate the sale, appellant having knowledge of such failure, as held by Mr. Chief Justice Brown in the case of Nash Hardware Co. v. Morris, 105 Tex. 217, 146 S. W. 875. See, also, article 3971, supra; Daly v. Sumpter Drug Store, 127 Tenn. 412, 155 S. W. 167; Cantrell v. Ring, 125 Tenn. 472, 145 S. W. 166; Jaques & Tinsley Co. v. Carstarphen Co., 131 Ga. 15, 62 S. E. 88. Mr. Chief Justice Fish, in the latter case, involving a statute of Georgia somewhat similar to our own, in effect, said that, irrespective of the question as to whether the sale was in fact made with intention to defraud creditors, it must be held void, because the requirements of the statute enacted for the protection of creditors had not been complied with.

Finding no error in the proceedings of the trial court, its judgment is in all respects affirmed.

Affirmed.