PECK ET AL. v. HIBBEN ET AL.

[No. 22,978. Filed November 28, 1916.]

FRAUDULENT CONVEYANCES.—*Bulk Sales Law.*—*Compliance.*—Under the Bulk Sales Act of 1909 (Acts 1909 p. 122, §§7471a-7471c Burns 1914), providing that a bulk sale of a stock of merchandise shall be void as against creditors, unless the seller and purchaser, at least five days before the sale, make a full and detailed inventory, and the purchaser demands and receives from the seller a written list of the creditors made under oath and gives them five days' notice before taking possession, a sale of goods is void where the vendor, when a list of his creditors were demanded, merely stated orally, and not under oath in writing as required by the statute, that he had none; nor was the affidavit of the vendor, appended to the bill of sale, reciting that there were no liens on the stock or suits pending to affect his title thereto a compliance with such statute.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Action by Harold B. Hibben and others against Alfred D. Peck and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*John A. Dunlap* and *T. B. Cunningham* for appellants.

*Schuyler C. Dwyer,* for appellees

MORRIS, J.—This is an appeal from an interlocutory order adjudging appellants receivers of a mercantile stock, under the provisions of the Bulk Sales Act of 1909 (Acts 1909 p. 122; §§7471a-7471c Burns 1914).

Section 1 of the act makes void, as against creditors, a bulk sale of a stock of merchandise, unless the seller and purchaser, at least five days before the sale, shall make a full detailed inventory, and unless the purchaser demand and receive from the seller a written list, made under oath, of the seller's creditors, and also unless the purchaser give five days' notice to creditors before taking possession. Section 3 of the act provides that a purchaser failing to comply with the above provisions shall, on a creditor's application, become a receiver of the merchandise stock and be held accountable therefor to the creditors.

Appellees Hibben and Holweg, Alfred DeFries, and Foley & Company (a corporation) filed a complaint against appellants Peck and Graves and appellee Vernon Cyphers, in which it is alleged that plaintiffs were creditors of Cyphers when, on August 24, 1915, the latter sold his stock of merchandise, worth $3,500, to Peck and Graves; that there was no inventory of the stock made previous to the transfer of possession; that there was no notice given the creditors of the intended sale and that no

list of creditors was made by the seller. The complaint prays for an order adjudging the purchasers receivers of the stock and accountable therefor to the *bona fide* creditors of Cyphers. Appellants Peck and Graves answered in a single paragraph alleging that they did purchase and take possession of the stock on August 24, 1915; that five days before the purchase they demanded of Cyphers that he make a full and detailed inventory of the stock, and, at the same time, demanded that he make a list of creditors, with addresses and amount due each and certify to the same under oath; that Cyphers represented to them that he had no creditors; that on August 24, 1915, Cyphers executed a bill of sale for the stock, to which was appended his affidavit, copies of which instruments are set out. The affidavit recites that the seller is the sole owner of the stock and that there are no liens on it or suits pending to affect the title, but it contains no reference to creditors of Cyphers. The trial court sustained a demurrer to the answer and this ruling presents the sole question for us to determine. There was no error. The validity of the statute is not questioned. *Hirth-Krause Co.* v. *Cohen* (1911), 177 Ind. 1, 97 N. E. 1, Ann. Cas. 1914C 708; *Rich* v. *C. Callahan Co.* (1912), 179 Ind. 509, 101 N. E. 810; *Beard* v. *Indianapolis Fancy Grocery Co.* (1913), 180 Ind. 536, 103 N. E. 404.

Counsel for appellee assert that the statute should receive a liberal construction, and that so construed the answer stated a defense. We hold otherwise. The answer treats the provision of the statute requiring an inventory to be made by seller and purchaser as a nullity, and proceeds on the theory that a verbal statement of the seller that he had no creditors complied with the statutory requirement

that the statement be written and made under oath. Holding such an answer sufficient would amount to a practical repeal of the statute. Courts are not invested with such power. Judgment affirmed.

Note.—Reported in 114 N. E. 216. Statutory requirements on sale of stock of goods in bulk, notes, 2 L. R. A. (N. S.) 331; 25 L. R. A. (N. S.) 758; 45 L. R. A. (N. S.) 495. Remedy of creditors where sale is made in violation of bulk sales law, notes, 39 L. R. A. (N. S.) 374; L. R. A. 1916B. 974.