**C. J. GERLACH & BRO., Inc., v. TEXAS BLDG. MATERIAL CO.** (No. 860.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 23, 1922.)

Fraudulent conveyances ☞47—Purchaser of merchandise' stock in bulk, without securing list of and notifying creditors, liable though he acted in good faith.

> The Bulk Sales Law (Rev. St. art. 3971) as revised in 1915 (Laws 1915, c. 114 [Vernon's Ann. Civ. St. Supp. 1918, art. 3971]) is not a relaxation in favor of purchaser, but rather a strengthening of the creditor's right, and the purchaser of an entire merchandise stock in bulk, who does not demand or receive the written verified list of creditors as required by that law, is liable to unsatisfied creditors, notwithstanding that he acted in good faith and believed and relied upon the vendor's verbal statement that he owed but one creditor.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Garnishment proceeding by C. J. Gerlach & Brother, Inc., against the Texas Building Material Company, garnishee. From a judgment for garnishee, plaintiff appeals. Reversed and rendered.

Feagin, German & Feagin, of Livingston, for appellant.

A. Ludlow Calhoun, of Beaumont, for appellee.

HIGHTOWER, C. J. The appellant has made, and the appellee adopts as correct, the following statement showing the nature and result of this suit:

"On March 12, 1921, appellant sued W. R. Reescano in the county court of Polk county, to recover judgment on two notes dated October 11, 1920, each for $221.96, due January 20th and February 20th after date, with 10 per cent. interest, and attorney's fees. On July 26, 1921, judgment was entered in the county court of Polk county in favor of appellant and against W. R. Reescano for the sum of $511.50, with interest thereon from date at 10 per cent., and for all costs of suit. In due time executions were issued on this judgment and the same were returned not satisfied, because no property belonging to Reescano could be found.

"March 24, 1921, appellant made application to the county court of Polk county for a writ of garnishment to appellee, Texas Building Material Company, which was duly served on March 26, 1921. On April 24, 1921, appellee filed its answer to said writ of garnishment, stating that it was not indebted to W. R. Reescano in any sum and had no property belonging to said Reescano in its possession. This answer of appellee was properly contested as provided by statute, and among other things appellant alleged as follows:

"That about the 10th day of November, 1920, the said W. R. Reescano was engaged in a general mercantile business at Romayor, Liberty county, being at that time a debtor of appellant, and at that time sold his entire stock of merchandise to appellee in bulk, which sale was in violation of article 3871 of the Revised Statutes, known as the Bulk Sales Law, in that appellee did not demand and receive from the said Reescano a written list of the names and addresses of the creditors of the said Reescano, verified as required by law, and no notice was given appellant of said sale, as required by the statute; that said sale was therefore void as to appellant; that appellee had appropriated said stock of merchandise, and had disposed of the same, and was liable to appellant in the amount of its debt."

This garnishment proceeding was transferred to the county court at law of Jefferson county, where it was tried February 16, 1922, resulting in a judgment in favor of appellee.

The facts upon which the trial court's judgment was based are without dispute, and upon the trial the parties entered into and filed an agreed statement of the pleadings and facts, as provided by article 2112 of our Revised Statutes, and this agreed

statement accompanies the record here. The agreed facts are as follows:

"It is agreed that the sale of the stock of merchandise by W. R. Reescano to Texas Building Material Company, on November 10, 1920, was in bulk and not in the ordinary course of trade; that on that date C. J. Gerlach & Bro., Inc., was a creditor of the said W. R. Reescano, and that it received no notice of said sale and had no knowledge of the sale until about January, 1920; that the sale of said stock of merchandise was for the consideration of $1,400, of which $350 was paid in cash, $350 paid December 10, 1920, $350 paid January 10, 1921, and $350 paid February 10, 1921."

In addition to the agreed statement of facts, as just copied, it was further shown, by E. Sampson, a witness for the appellee, that he (witness) represented appellee in the purchase of said stock of goods from Reescano. Mr. Sampson testified that, at the time of making the purchase from Reescano, he asked Reescano for a statement as to whom he was indebted, and Reescano stated to Sampson that he did not owe any one except the Stedman Fruit Company, which is a business concern in the city of Beaumont, Texas. This evidence on the part of Mr. Sampson was fully corroborated, substantially, by another of appellee's witnesses, T. J. Beesley. Both of these witnesses for the appellee testified, substantially, that Mr. Sampson, in making the purchase of the stock of goods for appellee from Reescano, did not make a demand or request of Reescano at the time for a written list of Reescano's creditors. It was further shown by these witnesses that at the time of making the purchase for appellee, neither Mr. Sampson nor Mr. Beesley had any actual knowledge of Reescano's indebtedness to appellant, and neither of them examined Reescano's books. It is very clear from the testimony of both these witnesses for appellee that Mr. Sampson, in making the purchase for appellee of the stock of goods, accepted the verbal statement of Reescano that he was not indebted to any one at that time, except the Stedman Fruit Company, and that Mr. Sampson believed this statement to be true, and accordingly made no further inquiry, and demanded no further showing from Reescano, and purchased the stock of goods for appellee, with no intention, in fact, of aiding or abetting Reescano in hindering or delaying the collection by appellee or any one else of any indebtedness against Reescano.

Upon these undisputed facts, the trial judge as we have stated, held that the sale and purchase of Reescano's stock of goods was not in violation of the Bulk Sales Law of this state, as embodied in article 3971, Revised Statutes, and that appellee was not liable to appellant in any sum. This holding by the trial court is properly assigned as error here by appellant, under which appellant makes this proposition:

"The judgment of the trial court is contrary to the law and the evidence, and should be reversed and rendered in favor of appellant, because the undisputed evidence shows that the sale by Reescano to appellee was void, because in violation of the Bulk Sales Law, for the reason that appellee did not demand or receive from the said Reescano a written list of names and addresses of the creditors of the said Reescano, certified under oath, and appellee did not give any notice to appellant of the proposed sale and purchase of said stock of merchandise."

After due consideration of the point, we have concluded that appellant's proposition is sound, and the assignment must be sustained. The first legislation enacted by the Legislature of this state relative to sales of merchandise in bulk, was in 1909 (Laws 1909, c. 27), and was article 3971 of the Revised Statutes. It read as follows:

"Any sale or transfer of any portion of a stock of merchandise, otherwise than in the ordinary course of trade in the usual and regular prosecution of the seller's or transferrer's business, or a sale or transfer of an entire stock of merchandise in bulk, shall be void as against creditors of the seller or transferrer, unless the purchaser or transferree shall, at least ten days before the sale or transfer, in good faith, make full and explicit inquiry of the seller or transferrer as to the name and place of residence or place of business of each and all creditors of the seller or transferrer, and the amount owing to each such creditor by the seller or transferrer, and obtain from the seller or transferrer a written answer to such inquiries, which answers shall be sworn to by the seller or transferrer, and unless the purchaser or transferree, at least ten days before the sale or transfer, in good faith, notify or cause to be notified personally, or by registered mail, each of the sellers or transferrer's creditors, of whom the purchaser or transferree has knowledge, of said proposed sale or transfer."

Article 3971 was amended by the Legislature in 1915 (Laws 1915, c. 114 [Vernon's Ann. Civ. St. Supp. 1918, art. 3971]), and as amended reads as follows:

"The sale or transfer in bulk of any part or the whole of a stock of merchandise, or merchandise and the fixtures pertaining to the conducting of said business otherwise than in the ordinary course of trade, and in the regular prosecution of the business of the seller or transferor, shall be void as against the creditors of the seller or transferor unless the purchaser or transferee demand and receive from the seller or transferor a written list of names and addresses of the creditors of the seller or transferor, with the amount of the indebtedness due or owing to each, and certified by the seller or transferor under oath to be a full, accurate and complete list of his creditors, and of his indebtedness; and unless the purchaser or transferee shall at least ten days before taking possession of such merchandise or merchandise and fixtures, or paying therefor, notify personally or by registered mail every creditor whose name and address

are stated in said list, or of which he has knowledge, of the proposed sale and of the price, terms and conditions thereof. Any purchaser or transferee who shall not conform to the provisions of this act shall, upon application of any of the creditors of the seller or transferor, become a receiver and be held accountable to such creditors for all goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale or transfer." •

It is argued by the learned counsel for the appellee here that had this sale and purchase of Reescano's stock of goods occurred before the amendment of article 3971, as above shown, then appellant's contention that the failure on the part of appellee to demand and receive from Reescano a written and verified list of his creditors, would, upon the undisputed facts, render the appellee liable to appellant for the amount of its debt against Reescano; but the counsel earnestly contends that there is a vast difference between the act as originally passed and the amendment of 1915, which we have just quoted.

After very careful consideration, we are unable to see that the amendment in any respect materially changed the law by making it more favorable to the seller or purchaser of the stock of goods, where there were creditors of the seller at the time of the sale in bulk. On the contrary, without going into the details of the matter, we are inclined to the opinion that the amendment strengthens the law in favor of the creditor at the time of the sale in bulk. Undoubtedly, the purpose of the Legislature, in enacting the Bulk Sales Law, was to prohibit sales of merchandise in bulk by merchants with the fraudulent purpose of hindering or delaying or defeating creditors, and it would seem that the language of article 3971, as amended in 1915, is so clear and mandatory in the provision that the purchaser of a stock of merchandise in bulk, in order to give validity to such a purchase, as against the claims of just creditors of the seller at the time, shall demand of the seller a written list, under oath, of his creditors, and then notify such creditors of the contemplated purchase, that it needs no construction by the courts.

As we have shown above, the undisputed facts in this case show that the appellee, acting through Mr. Sampson in purchasing the stock of goods from Reescano, did not even demand or request a written statement under oath by Reescano showing a list of his creditors, but Mr. Sampson, acting for appellee, was willing to and did accept the verbal statement of Reescano that his only creditor, at the time of the transaction was the Stedman Fruit Company. True, as we

have shown, Mr. Sampson believed the statement of Reescano and acted in good faith in making the purchase for appellee, but good faith in making the purchase did not excuse the purchaser from compliance with the very clear and positive provision of the statute, as to the written verified list of creditors, and appellee, in making the purchase of this stock of goods, without so complying with the statute, did so at its peril. It would not have been otherwise, as assumed by counsel for appellee, if Reescano had told Sampson at the time of the purchase of the stock of goods that he was indebted to no one at all. This assumption is made in a counter proposition by counsel for the appellee. On the contrary, as we have shown, Reescano did tell Sampson, at the time of the purchase, that he was indebted to the Stedman Fruit Company and to on one else, and Mr. Sampson was willing to rely upon this verbal statement, and, although the transaction on his part was in good faith the appellee must respond to appellant for the loss of its debt against Reescano. Our holding on this point is clearly sustained by the following cases: Gerlach Mercantile Co. v. Hughes-Bozarth-Anderson Co., 189 S. W. 784, opinion by the Amarillo Court of Civil Appeals; Williams v. Crowdus Drug Co., 167 S. W. 187, opinion by the Austin Court of Civil Appeals. It is true, the opinion in both these cases construes the original act of 1909, but the reasoning applies equally to the article as amended in 1915. See, also, Peck v. Hibben, 185 Ind. 623, 114 N. E. 216, opinion by Supreme Court of Indiana; Linn County Bank v. Davis, 103 Kan. 672, 175 Pac. 972, 9 A. L. R. 468; Stuwart v. Bank & Trust Co., 123 Ark. 285, 185 S. W. 263, Ann. Cas. 1918A, 268, opinion by Supreme Court of Arkansas.

It being shown without dispute that the value of Reescano's stock of goods at the time it was purchased in bulk by appellee was far in excess (nearly three times as great) of appellant's indebtedness against Reescano, it must be held that appellant is liable to appellee for the full amount of its debt against Reescano, and interest thereon, as provided by the judgment in favor of appellant against Reescano as well as all costs of the proceeding. Owasso Carriage & Sleigh Co. v. McIntosh & Warren, 107 Tex. 307, 179 S. W. 257, L. R. A. 1916B, 970; Gerlach Mercantile Company v. Hughes-Bozarth-Anderson Co., supra.

Because the trial court erred, upon the undisputed facts in this case, in declining to render judgment in favor of appellant against appellee for the full amount of appellant's debt against Reescano, the judgment should be reversed and here rendered in favor of appellant, and it has been so ordered.