**DALLAS COFFIN CO. v. YEAGER.**
(No. 8240.)

Court of Civil Appeals of Texas. San Antonio.
June 26, 1929.

Rehearing Denied. July 17, 1929.

157

D. E. Hume, of Eagle Pass, for appellant. Van Haile McFarland, of Eagle Pass, for ppellee.

SMITH, J. R. W. Hedleston, an Eagle Pass undertaker, was indebted to the Dallas Coffin Company for part of the purchase price of his stock of goods, and while so indebted sold, transferred, and delivered his entire stock, in bulk, to Claude Yeager, who continued the operation of the business. Subsequently the Coffin Company recovered judgment against Hedleston for the amount of the debt, and had writ of garnishment issued and served upon Yeager, who answered that he had nothing in his possession belonging to Hedleston. The Coffin Company, garnishor, traversed this answer, setting up the fact that Yeager, the garnishee, had purchased Hedleston's stock of goods, in bulk, without complying with the provisions of the Bulk Sales Law (articles 4001, 4002, Rev. St. 1925) requiring purchasers to obtain from the seller a written and verified list of the latter's creditors, and giving written notice to such creditors of the intended purchase. Upon a trial the jury found that Yeager had complied with the requirements of the Bulk Sales Law as to notice to the creditors, and upon this finding the trial court rendered judgment denying recovery to the coffin company, plaintiff in garnishment. The company has appealed.

We are confronted at the outset by a motion of appellee to strike the transcript from the files of this court, upon the ground that appellant's counsel had altered the transcript after the clerk of the trial court had delivered it, duly certified and sealed, to said counsel, who admits and seeks to justify the charge. It appears that the trial judge submitted the case to the jury upon four consecutive special issues, designating the first and second by the numerals "1" and "2," respectively, but omitting any designation of the third and fourth, immediately following the first and second. The charge was so carried forward into the transcript. It further appears from his admissions that after receiving the transcript in this condition from the clerk, appellant's counsel wrote the numerals "3" and "4," with pen and ink, into the transcript, at the beginning of the third and fourth special issues, respectively, which had been left unnumbered by the trial judge, through obvious inadvertence.

A transcript such as this is a duly certified and sealed public document, and any alteration thereof by any person or official except under the open and public sanction of the court from which it emanated, or in which it is lodged, is inexcusable and reprehensible. But the alteration in this instance was made by counsel with apparently no intent to injure his adversary or benefit himself or his client, and without conscious wrongdoing, and as no possible injury or benefit to either party can result from the act, we have concluded to overrule appellee's motion to strike, as well as his motion to affirm on certificate based thereon.

Appellant presents 13 propositions of law, purporting to be based upon 14 assignments of error, the last 4 of which were not embraced in the motion for new trial, as required by law. Appellee objects to the consideration of all the propositions upon numerous grounds, and these objections are well taken. This court would be fully justified in disregarding appellant's brief, but we have concluded that errors are so apparent that we should invoke the discretion to notice some of them.

It is provided in the Bulk Sales Law (article 4001) that any sale or transfer of merchandise stock in bulk shall be void as to creditors of the seller "unless the purchaser or transferee demand and receive from the transferor a written list of names and addresses of the creditors of the seller or transferor with the amount of the indebtedness due or owing to each and certified by the seller or transferor under oath to be a full, accurate and complete list of his creditors, and of his indebtedness; and unless the purchaser or transferee shall at least ten days before taking possession of such merchandise or merchandise and fixtures, or paying therefor, notify personally or by registered mail each

158

creditor whose name and address is stated in said list, or of which he has knowledge, of the proposed sale and of the price, terms and conditions thereof. Any purchaser or transferee who shall not conform to the provisions of this law shall, upon application of any of the creditors of the seller or transferor become a receiver, and be held accountable to such creditors for all goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale or transfer."

It is conceded by appellee that he purchased Hedleston's stock of goods in total disregard of that statute. Appellee testified:

"I did not know of the Bulk Sales Law; and, of course, I made no effort to comply therewith. I did not demand a sworn list of creditors. I did not send the Dallas Coffin Company notice by registered mail. * * *

"I made the purchase because I had confidence in the honesty of Hedleston, and believed his statements. I did not know of any creditors. I would not have made the purchase if I had known there were creditors."

■■ Appellee's chief defense against his liability to appellant by reason of his failure to comply with the mandatory requirements of the statute was estoppel, based upon the contention that one Velte, appellant's traveling salesman, was present at the negotiations between Hedleston and appellee which resulted in the subsequent sale; that in Velte's presence Hedleston assured appellee that he owed no debts upon the stock; and that Velte remained silent. Appellee testified on this point: "The purchase was made on or about the 14th day of July, 1927, although the bill of sale was not given until the 18th. The negotiations for the sale took place on the 13th and 14th days of July, 1927, at which time Mr. Velte, agent for Dallas Coffin Company, was present. In the presence of Mr. Velte I asked* Hedleston about his creditors, and he replied that there were none, and that all had been satisfied. Mr. Velte, agent for Dallas Coffin Company said nothing in regard to this statement." This testimony of appellee was vigorously denied. The issue of estoppel thus sought to be raised was not submitted to or passed upon by the jury. If it presented a defense, then it was a major issue, a controlling issue of fact, and in the absence of a jury finding thereon cannot be resolved by presumption in support of the judgment. The burden of eliciting a jury finding as to this issue rested upon appellee, who made no effort to that end. Gerlach Mercantile Co. v.

Hughes-Bozarth-Anderson Co. (Tex. Civ. App.) 189 S. W. 784.

■ It seems to be the settled rule in this state that the seller's verbal assurance that he owes no debts cannot serve to excuse the purchaser from procuring from the seller written, verified statement prescribed by the statute; he must procure a written, verified statement before he can proceed with the purchase so as to cut off creditors of the seller. Cornish v. Nance Motor Co. (Tex. Civ. App.) 13 S.W.(2d) 139; Gerlach & Bros. v. Material Co. (Tex. Civ. App.) 245 S. W. 716; Williams v. Drug Co. (Tex. Civ. App.) 167 S. W. 187.

■ And when the purchaser takes over a stock of goods in disregard of the provisions of the Bulk Sales Law, as was admittedly done in this case, the goods so purchased, or the proceeds from the subsequent sale thereof by the purchaser, are subject to garnishment by the creditors of the seller. Owosso Carriage Co. v. McIntosh, 107 Tex. 307, 179 S. W. 257, L. R. A. 1916B, 970; Mayfield Co. v. Harlan & Harlan (Tex. Civ. App.) 184 S. W. 313; Kell Milling Co. v. H. O. Wooten Grocery Co. (Tex. Civ. App.) 195 S. W. 342.

Under these settled rules, appellee's own admissions, and the uncontroverted evidence in the case, conclusively establish his liability as a garnishee, unless, indeed, that liability is defeated by estoppel, which is a question of fact determinable alone by the jury. It was not submitted to or determined by the jury in this case, and therefore appellee, burdened with the duty of eliciting such determination, cannot recover upon that theory, and the judgment based thereon cannot stand. The same may be said of the defense of laches. We do not pass upon the sufficiency of the evidence to raise these issues.

■ We add the observation that a custom among merchants in the class here involved, or in any other class for that matter, to require their agents to familiarize themselves with the state of the accounts of the merchants' debtors, cannot serve to excuse the purchasers from those debtors from compliance with the Bulk Sales Law. Proof of such custom should be excluded upon another trial. Nor is evidence of the good or bad reputation of the seller admissible for the purpose of excusing the purchaser from compliance with the law, nor does the purchaser's ignorance of the existence or provisions of the law excuse him from its observance.

The judgment is reversed, and the cause remanded for another trial.