## AXTELL CO. v. WORD et al.
### No. 7456.

Court of Civil Appeals of Texas. Austin.
May 28, 1930.

E. W. Bounds, of Fort Worth, for appellant.

J. J. Byrne, of Lampasas, for appellees.

BLAIR, J.

Appellant sued Cole and Thurman on a $224.99 joint account for plumbing tools, fixtures, and supplies, and joined appellee Word, alleging that he had purchased Cole and Thurman's whole stock in trade in violation of the Bulk Sales Law (article 4001, Rev. St. 1925), paying therefor $500, and asked that he be declared receiver of the merchandise in accordance with the statute. Word answered that Cole and Thurman were not retailers within the meaning of the statute, but were plumbing contractors and used the tools, fixtures, and supplies which he purchased from them only in connection with their repair and job contract business. A trial to the court without a jury on the issues thus raised resulted in judgment for appellant against Cole and Thurman as prayed for, but that it take nothing by its suit against Word; hence this appeal from the latter judgment.

We do not sustain appellant's sole contention that there is no legal evidence to support the judgment in favor of Word. The evidence is undisputed that Cole and Thurman were engaged only as plumbing contractors. They never sold at retail or held themselves out as selling at retail any of the plumbing tools, fixtures, or supplies sold them by appellant or any one else, and only used them in connection with their repair and job contract business, and through their labor and mechanical skill changed separate pieces of pipes, tees, elbows, bends, lead, solder, traps, fixtures, etc., to repair work on existing plumbing facilities, or to completed plumbing jobs contracted by themselves. They never displayed any of the tools, fixtures, and supplies for sale in show cases, nor did they in any way represent to the public that they were engaged in the retail business.

With respect to property affected by bulk sales statutes it is generally held that unless specifically included in the statute, fixtures, tools, goods, etc., used in or incidental to the conduct of any business are not to be included. In other words, the statute covers only goods belonging to the mercantile stock or supply kept for sale, and does not apply at all to a business in which the stock on hand is merely incidental and the chief business is the exercise of labor and mechanical skill. 12 R. C. L. 527, § 56; 27 C. J. 880, § 889; Connecticut Steam Brown Stone Co. v. Lewis, 86 Conn. 386, 85 A. 534, 45 L. R. A. (N. S.) 495.

Texas courts have construed our statute, which prohibits "the sale or transfer in bulk of any part or the whole of a stock of merchandise, or merchandise and fixtures pertaining to the conducting of said business otherwise than in the ordinary course of trade, and in the regular prosecution of the business of the seller or transferor," as not including stock on hand used as incidental to or in connection with labor or mechanical skill. The words, "stock of merchandise," as used in the statute have been uniformly construed by our courts to be used in the common and ordinary acceptation of those terms, and to mean the goods, wares, or chattels which a merchant holds for sale at retail for profit, and which are constantly going out of the store in more or less small quantities, and being replaced by other goods without any appreciable change of character by the labor or mechanical skill of purchaser. The language, "or merchandise and fixtures pertaining to the conducting of said business otherwise than in the ordinary course of trade, and in the regular prosecution of the

business of the seller or transferor," has also been construed by our courts and courts of other states having identical or similar statutes, to relate only to merchandise and fixtures which are held for sale at retail for profit or the goods themselves without change of their character by the labor and mechanical skill of purchaser. Cornish v. Nance Motor Co. (Tex. Civ. App.) 13 S.W. (2d) 139, 141; Hobart v. Joyce & Mitchell (Tex. Civ. App.) 4 S.W.(2d) 185; Conn. Steam Brown Stone Co. v. Henry L. Lewis, 86 Conn. 386, 85 A. 534, 45 L. R. A. (N. S.), 495; and notes and cases there cited. The reason for the rule of strict construction of bulk sales statutes stated above is that such statutes are in derogation of the common law, and of a person's right to alienate his property without restriction. 5 R. C. L. (Per. Sup.) 3144, § 56.

We affirm the judgment of the trial court.

Affirmed.