## YEAGER v. DALLAS COFFIN CO.
### No. 9256.

Court of Civil Appeals of Texas. San Antonio.

March 21, 1934.

Rehearing Denied March 21, 1934.

Van Haile McFarland, of Eagle Pass, for appellant.

David E. Hume, of Eagle Pass, for appellee.

SMITH, Justice.

This is the third appeal in this cause. Dallas Coffin Co. v. Yeager (Tex. Civ. App.) 19 S.W.(2d) 156; Yeager v. Dallas Coffin Co. (Tex. Civ. App.) 46 S.W.(2d) 1016. The first appeal was from a judgment denying recovery to the Coffin Company against Yeager for the value of a stock of goods alleged to have been acquired by Yeager in disregard of the Bulk Sales Law (art. 4001 et seq. R. S. 1925); the second appeal was from a judgment in favor of the Coffin Company; and this appeal is from a like judgment. In addition to the three trials resulting in appeals, the case seems to have been twice tried without appealable results. The cause, then, has been tried five times, and thrice appealed. The Coffin Company filed no briefs in this appeal in answer to Yeager's vigorous attacks upon the judgment now before this court for review.

As the case is fully stated in the former opinions, a restatement of the nature of the suit will not be made here, except such as becomes necessary to the determination of the specific questions now raised. The appeal is from a judgment rendered upon a directed verdict, and is presented through two propositions of law.

It is provided in the statutes under consideration, that: "Every mortgage, deed of trust or other form of lien attempted to be given by the owner of any stock of goods, wares or merchandise daily exposed to sale, in parcels, in the regular course of business of such merchandise, and contemplating a continuance of the possession of said goods and control of said business, by sale of said goods by said owner, shall be deemed fraudulent and void." Article 4000. And that: "The sale or transfer in bulk of any part or the whole of a stock of merchandise, or merchandise and fixtures pertaining to the

conducting of said business otherwise than in the ordinary course of trade, and in the regular prosecution of the business of the seller or transferor, shall be void as against the creditors of the seller or transferor," unless the purchaser shall give notice to the creditors of the seller in the manner therein prescribed. Article 4001.

■ This provision of the statute has been held to apply only "to merchandise which constitutes the merchant's current stock in trade, which is exhibited for sale indiscriminately in the usual course of trade." Yeager v. Dallas Coffin Co. (Tex. Civ. App.) 46 S.W.(2d) 1016, 1017, and authorities there cited.

■ So has it been held, and we think properly, that as the Bulk Sales Law is in derogation of the common law, and of the right to alienate property without restriction, it should be strictly construed, and that those seeking to recover thereunder must bring themselves clearly within its provisions in order to invoke its protection and benefits. Axtell Co. v. Word (Tex. Civ. App.) 29 S.W. (2d) 421.

Under that doctrine appellant propounds his first proposition, that appellee was not entitled to recover here because it failed to show upon the trial "that any of the goods purchased by appellant from" the transferor were offered by the latter to the public for sale, and that by this omission appellee failed to bring its case within the statute. And under this proposition appellant asserts that appellee adduced and offered no testimony showing any fact from which the court or jury could find that the merchandise in question was ever offered by the transferor for sale to the public, as provided by the statute.

This assertion of appellant was not contested here by appellee upon submission of the cause, but in its motion for rehearing appellee vigorously challenges it. To this end appellee cites certain evidence in the record now before this court, and invokes other evidence claimed to have been improperly omitted from the statement of facts, as well as findings of fact made by this court in a former appeal. We have held that the evidence presented upon this appeal failed to raise the issue of whether the stock of goods was shown to be of the character contemplated in the Bulk Sales Law, which must be strictly construed by the courts, and strictly pursued by parties invoking its protection.

■ This court cannot, as a matter of course, consider bits of evidence which were inadvertently or otherwise omitted from the statement of facts.

■ Nor can this court resort to its findings of fact upon a former appeal for the purpose of determining this appeal, for no presumption prevails that the evidence at the trial now under consideration is the same as that presented in a former appeal. 3 Tex. Jur. §§ 942, 943.

■ By this process we are relegated to the showing made in appellant's unanswered brief, that there was no evidence to bring the case within the contemplation of the Bulk Sales Law. Nor does the evidence quoted in appellee's motion for rehearing satisfactorily refute appellant's contention of no evidence. Mere conclusions remotely inferable from isolated bits of testimony, such as appellee brings forward, do not meet the salutary rule requiring satisfactory evidence that a party has violated a statute so harsh in its restriction of the free right of barter and sale inherent in the citizen.

■ The result is that appellee failed to bring its case within the requirement that in order to recover under the Bulk Sales Law the creditor must show that the merchandise sought to be subjected to the payment of the debt sued on constituted the debtor's "current stock in trade, which is exhibited for sale indiscriminately in the usual course of trade, and which may not be legally mortgaged so as to impair the title of purchasers in this usual course of trade." Yeager v. Dallas Coffin Co. (Tex. Civ. App.) 46 S.W.(2d) 1016, 1017; Axtell v. Word, supra. This being true, appellee showed no right of recovery, and judgment should have been rendered for appellant, upon his timely motion therefor. Accordingly, the judgment must be reversed, and in view of the history of the litigation, it is deemed proper to here render judgment for appellant. It is so ordered.

This opinion will be substituted for the original, now withdrawn.