**SAN ANTONIO MACHINE & SUPPLY CO. v. McCARTHY.**

No. 12966.

Court of Civil Appeals of Texas. Fort Worth.

March 23, 1934.

Rehearing Denied April 20, 1934.

Roy A. Scott and Geo. F. Seideman, both of Fort Worth, and Goeth, Webb & Goeth, of San Antonio, for appellant.

Bryan, Stone, Wade & Agerton and G. W. Parker, Jr., all of Fort Worth, for appellee.

POWER, Justice.

Prior to September 12, 1929, E. D. Traylor was engaged in the mercantile business and while carrying on said mercantile business the defendant, J. T. McCarthy, Jr., appellee herein, purchased in bulk and took possession of a part of the merchandise of said E. D. Traylor. At the time of the transfer of this merchandise to appellee, the San Antonio Machine & Supply Company, appellant herein, was a creditor of said Traylor for merchandise sold, and defendant McCarthy was further indebted to the San Antonio Machine & Supply Company.

Issues of law and fact were submitted to the court without a jury. The court filed findings of fact, to the effect that on September 12, 1929, J. T. McCarthy, Jr., took over a portion of the stock of goods of E. D. Traylor; that some time prior to the date he took possession of said stock of goods, Traylor gave the said McCarthy his ledger showing all accounts payable, including the account in question; that before he took over the stock of goods McCarthy was in San Antonio and went to the office of the San Antonio Machine & Supply Company and talked to an officer of said company and told him that he was buying the Traylor stock; that this conversation took place about the 1st, 2nd, or 3rd of September, 1929; that the first payment of $2,000 on the purchase price was made to Traylor by McCarthy on October 2, 1929, and that the balance, of something like $1,800, was paid on November 2, 1929; that on September 19, 1929, Traylor informed the San Antonio Machine & Supply Company that McCarthy had taken over said business.

Judgment was rendered by the trial court denying appellant under the facts stated the benefits of the Bulk Sales Law, and appellant has appealed from said judgment, contending that McCarthy and Traylor not having complied with the Bulk Sales Law, the sale and transfer of said stock, or a portion thereof, was void.

Article 4001, Rev. Civ. Statutes, referred to as the Bulk Sales Law, is penal in its character and in derogation of the common law and should be strictly construed against those invoking its operation and liberally in favor of those upon whom it is intended to operate adversely. Yeager v. Dallas Coffin Co. (Tex. Civ. App.) 46 S.W.(2d) 1016; Axtell Co. v. Word (Tex. Civ. App.) 29 S.W.(2d) 421; 27 Corpus Juris, p. 875.

Article 4001 reads as follows: "The sale or transfer in bulk of any part or the whole of a stock of merchandise, or merchandise and fixtures pertaining to the conducting of said business otherwise than in the ordinary course of trade, and in the regular prosecution of the business of the seller or transferor, shall be void as against the creditors of the seller or transferor, unless the purchaser or transferee demand and receive from the transferor a written list of names and addresses of the creditors of the seller or transferor with the amount of the indebtedness due or owing to each and certified by the seller or transferor under oath to be a full, accurate and complete list of his creditors, and of his indebtedness; and unless the purchaser or transferee shall at least ten days before taking possession of such merchandise or merchandise and fixtures, or paying therefor, notify personally or by registered mail each creditor whose name and address is stated in said list, or of which he has knowledge, of the proposed sale and of the price, terms and conditions thereof. Any purchaser or transferee who shall not conform to the provisions of this law shall, upon application of any of the creditors of the seller or transferor become a receiver, and be held accountable to such creditors for all goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale or transfer."

The first requirement of the statute is that the purchaser demand and receive a list of names and addresses of the creditors showing the amount of indebtedness and under oath. McCarthy did not demand or receive such a list. However, the undisputed evidence shows that McCarthy did know of the debt owing to the San Antonio Machine & Supply Company from the ledger sheets shown him. It appears to the court that the creditor cannot complain of the failure of McCarthy to secure such verified list when McCarthy knew of this debt independent of any list of verified creditors.

Another requirement of the statute is that at least ten days before taking possession of such merchandise or paying therefor, the purchaser shall notify personally or by registered mail each creditor of the proposed sale. In this connection the court finds, and the evidence sustains this finding, that McCarthy did give such personal notice to the San Antonio Machine & Supply Company some time during the first three days of September, 1929, and the goods were not completely paid for until November 2, 1929. Further, the appellant was advised by Traylor on September 19, 1929, that the stock had been taken over by McCarthy. It is thus clear that appellant San Antonio Machine & Supply Company had notice of the fact that McCarthy had taken over the stock of goods, or a portion thereof, much more than ten days prior to the time that they were paid for. In this connection we note that it was held by the Galveston Court of Civil Appeals in Brecht Co. v. Robinowitz, 275 S. W. 213, 214 (writ of error refused) as follows: "It further seems clear to us that when, in 1915 (Laws 1915, c. 114) the Legislature came to amend this statute and for the first time inserted in it the disjunctive provision, 'and unless the purchaser or transferee shall at least 10 days before taking possession of such merchandise or merchandise and fixtures, or paying therefor, notify,' etc., it meant to say that the required notice before paying for the property would be sufficient, irrespective of when the possession might be taken, and vice versa."

From the facts stated and the law referred to, it appears to the court that there was evidence sufficient in this cause on the point heretofore discussed to sustain the judgment of the court.

Appellant contends that the case should be reversed because certain credits were applied to the account of McCarthy instead of to the account of Traylor. The trial court found that the credits were properly credited to the account of McCarthy. These credit memoranda on their face do not purport that they should have been credited to E. D. Traylor. Each of these credit memoranda state that the San Antonio Machine & Supply Company has credited the amount to the McCarthy account. There is sufficient strength in the wording and statements of the memoranda introduced in evidence to sustain the court's finding that they were properly credited to the McCarthy account.

The judgment of the trial court is affirmed