COLLECTION BUREAU OF WARRICK COUNTY, INC., Plaintiff-Appellant,

v.

James A. SWEENEY, Defendant-Appellee.

No. 1–182A26.

Court of Appeals of Indiana, First District.

April 27, 1982.

Patrick A. Shoulders, Kahn, Dees, Donovan & Kahn, Evansville, for plaintiff-appellant.

NEAL, Judge.

Plaintiff-appellant Collection Bureau of Warrick County, Inc. (Bureau) appeals a negative judgment entered in the Vanderburgh Superior Court without the intervention of a jury in favor of defendant-appellee James A. Sweeney (Sweeney) in a suit on account to collect a hospital bill for the birth of Sweeney's child. Sweeney has not filed a brief in support of his judgment.

We reverse.

## STATEMENT OF THE FACTS

The facts necessary for this opinion as disclosed by Bureau's brief are without conflict and are as follows: While James and Janice Sweeney were married and cohabitating, Janice bore a child on August 2, 1979, in St. Mary's Medical Center in Evansville, Indiana, and thereby they incurred the debt for obstetrical services in question. On April 10, 1981, the marriage between the Sweeneys was dissolved, and Janice was ordered in the decree of dissolution to pay the hospital bill. The hospital bill was assigned by written assignment to Bureau on June 11, 1981, and Bureau, thereafter, on August 17, 1981, filed this suit against James and Janice. Janice appeared and admitted liability. Sweeney defended solely on the basis of the dissolution decree which he contended absolved him from liability. The trial court entered judgment for Sweeney.

### ISSUE

Bureau's sole argument is that the decision of the trial court is contrary to law. The trial court did not state its reasons for the decision in its judgment, but an examination of the record discloses only two possible theories: (1) that a father is not liable for the expenses of his legitimate child's birth, or (2) that the decree of dissolution absolved Sweeney of his parental obligation.

### DISCUSSION AND DECISION

 A party appealing from a negative judgment must establish that the evidence is without conflict and leads to but one conclusion, that which was not reached by the trial court. *Massey v. St. Joseph Bank and Trust Co.*, (1980) Ind.App., 411 N.E.2d 751. We also recognize the rule that where the appellee fails to file a brief we may reverse if the appellant's brief makes a prima facie showing of reversible error. *Harrington v. Hartman*, (1968) 142 Ind.App. 87, 233 N.E.2d 189. Further, if the action of the trial court is sustainable on any legal theory, it must be affirmed. *Vector Engineering and Manufacturing Corp. v. Pequet*, (1982) Ind.App., 431 N.E.2d 503.

Though it scarcely needs a citation of authority, it is fundamental that a parent owes a duty of providing medical care for a child, *Scott County School District One v. Asher*, (1975) 263 Ind. 47, 324 N.E.2d 496, and a husband owes a duty of medical care to his wife. *City of Terre Haute v. Pigg*, (1940) 108 Ind.App. 68, 27 N.E.2d 137. Also a wife may pledge her husband's credit for necessities, including medical care, to persons supplying them. 15 I.L.E. *Husband and Wife* § 4.

It is equally fundamental that a former judgment may not be pleaded as a bar to a subsequent action by a stranger to the former action. *Tobin v. McClellan*, (1947) 225 Ind. 335, 73 N.E.2d 679; 17 I.L.E. *Judgment* § 401.

Here, Sweeney became liable for the hospital expenses attendant upon the birth of his child, and no act, or agreement, or judgment of a court can diminish the hospital, or its assignee's rights therein without its concurrence or being a party thereto.[1]

For the above reasons this cause is ordered reversed, and the trial court is ordered to enter judgment against Sweeney for the balance due on the hospital bill, shown by the evidence to be $600.34, together with the costs of the action.

Reversed.

ROBERTSON and YOUNG (participating by designation), JJ., concur.

---

1. *See, Memorial Hospital v. Hahaj*, (1982) Ind. App., 430 N.E.2d 412; *In Re Marriage of Hu-* dak, (1981) Ind.App., 428 N.E.2d 1333.