**Charles D. BLAKE, Appellant-Defendant,**

v.

**FIRST CROWN FINANCIAL CORPORA-TION, Appellee-Plaintiff.**

**No. 4–482A95.**

Court of Appeals of Indiana,
Fourth District.

Jan. 10, 1983.

Ronald L. McNabney, Anderson, for appellant-defendant.

John M. Blevins, Anderson, for appellee-plaintiff.

CONOVER, Judge.

Defendant-appellant Charles D. Blake, a dischargee in bankruptcy, appeals a judgment entered by Division 2 of the Madison Superior Court in favor of First Crown Financial Corp. for $215 against Blake after his bankruptcy discharge.

Affirmed.

On June 9, 1978, Blake entered into a security agreement with First Crown Financial Corporation (First Crown) to secure a loan of $4,104. Under the terms of the security agreement, First Crown obtained a security interest in household items of Blake valued at $215.00.

Before Blake had repaid the loan he was discharged of his debts in a bankruptcy proceeding. First Crown subsequently filed a complaint seeking to recover the household items in which it had a security inter-

est. Judgment was ultimately entered in the amount of $215. The finding and conclusion of the trial court read:

### FINDING, ORDER, DECISION AND JUDGMENT

This matter having come for trial and the Court having considered the pleadings, memoranda, stipulation of facts, and arguments of counsel, and further having taken this matter under advisement and researched applicable law, now finds as follows:

Defendant Charles D. Blake was indebted to plaintiff First Crown Financial Corp. on a note and security agreement in the amount of $2,967.10. Blake sought and received a discharge in Bankruptcy in the U.S. Bankruptcy Court for the Southern District of Indiana. First Crown did not file a claim in the Bankruptcy proceeding. Blake did not initiate an action to "Void the Lien" of First Crown in the Bankruptcy Court.

The property upon which First Crown claims a lien was listed as "exempt property" with a value of $215.00 by Blake on his appropriate Bankruptcy Schedule. The parties agree that the value of the property is $215.00.

Attention of the parties and counsel is directed to 9 Am.Jur.2d, Bankruptcy, § 662, Liens on Exempt Property, which is as follows:

Rights in exempt property under a contract with the bankrupt are not defeated by the bankruptcy proceeding or their enforcement precluded after the petition in bankruptcy is filed, and the setting apart of the homestead to the bankrupt as exempt property does not relieve the property from the operation of liens created by contract before the filing of the petition in bankruptcy. If the property set aside to the bankrupt as exempt is affected by liens, it continues to be so affected.

The Court finds that the above quoted statement of law is applicable to this case and that the lien of First Crown remains in force. However, as the value of the

Secured property is $215.00, in the interest of judicial economy the Court now enters judgment for Plaintiff in that amount in lieu of an Order of foreclosure and sale.

WHEREFORE, IT IS HEREWITH ORDERED, ADJUDGED AND DECREED that Plaintiff have and take judgment against Defendant in the amount of $215.00. Costs versus Defendant. JUDGMENT.

Dated this 2d day of December, 1981.

/s/ _____

FREDRICK R. SPENCER,
Special Judge

## DISCUSSION AND DECISION

█ Before we address the merits of this appeal we direct Blake's attention to certain shortcomings in his appellant's brief.

It is deficient in the following particulars:

(a) its copies were prepared on transparent carbon paper. Ind. Rules of Procedure, Appellate Rule 8.2(A)(2) *Margins and Binding* provides:

"*In all cases,* the brief shall be produced in neat and workmanlike manner on 8½ × 11 inch white, *opaque,* unglazed paper . . . ." (Emphasis supplied).

(b) the statement of the case section is interspersed with factual statements and contains no verbatim recital of the judgment. A.R. 8.3(A) provides:

*Brief of Appellant.* The brief of Appellant *shall contain* under appropriate headings and in the order indicated:

.      .      .      .      .

(4) A statement of the case. The statement shall first indicate briefly the nature of the case, the course of the proceedings, and its disposition in the Court below, *including a verbatim statement of the judgment.* (Emphasis added.)

Although Blake's brief is substandard in these respects we are able to address the merits of the appeal, which is our preference. *Barnd v. Borst,* (1982) Ind.App., 431 N.E.2d 161.

█ We also note no appellee's brief was filed in this matter. When no appellee's brief is filed reversal is proper when appellant makes a prima facie showing of reversible error. *Collection Bureau of Warrick County, Inc. v. Sweeney,* (1982) Ind.App., 434 N.E.2d 143.

█ A discharge in bankruptcy does not prevent a creditor from enforcing valid liens on property exempt from the bankruptcy estate. *Louisville Joint Stock Land Bank v. Radford,* (1935) 295 U.S. 555, 583, 55 S.Ct. 854, 860, 79 L.Ed. 1593. To prevail Blake must find some authority permitting him to avoid the lien on his household goods.

In that regard Blake directs our attention to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* arguing the court erred when it enforced a nonpossessory, nonpurchase money security interest on exempt household goods securing the loan from First Crown. In most cases the issue raised herein would be easily resolved under the provisions of the Bankruptcy Code directed to lien[1] avoidance.

11 U.S.C. § 522(f) reads:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

---

1. Under the bankruptcy act, a lien is a "charge against or interest in property to secure payment of a debt or performance of an obliga-tion;" 11 U.S.C. § 101(28). That definition includes security interests which are "lien[s] created by agreement." § 101(37).

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

Under this section a debtor is given broad lien avoidance powers over three classes of enumerated debts specified by 11 U.S.C. § 522(b). They are:

1. Property exempt under the federal exemptions of § 522(d) or in the alternative,

2. Property exempted by state law if the state has opted out of the federal exemptions of 522(d) and,

3. Certain tenancy property specified in § 522(b)(2)(B).

Indiana has opted out of the federal exemption provisions, Ind.Code 34–2–28–0.5 and adopted a statutory list of exemptions in accordance with § 522(b)(1). That statute is found at IC 34–2–28–1 and reads as follows:

34–2–28–1. Amount of exemption.— The following property of a debtor domiciled in the state of Indiana shall not be liable for levy or sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract express or implied:

(a) Real estate or personal property constituting the personal or family residence of the debtor or a dependent of the debtor, or estates or rights therein or thereto of the value of not more than seven thousand five hundred dollars [$7,500]. The exemption under this subsection shall be individually available to joint debtors concerning property held by them as tenants by the entireties.

(b) Other real estate or tangible personal property of the value of four thousand dollars [$4,000].

(c) Intangible personal property, including choses in action (but excluding debts owing and income owing), of the value of one hundred dollars [$100].

(d) Professionally prescribed health aids for the debtor or a dependent of the debtor.

(e) Any interest the debtor has in real estate held as a tenant by the entireties on the date of the filing of the petiton for relief under the bankruptcy code, unless a joint petition for relief is filed by the debtor and spouse, or individual petitions of the debtor and spouse are subsequently consolidated.

Blake exempted his household property under IC 34–2–28–1(b). Thus, any post-bankruptcy attempt to enforce the nonpurchase money security agreement would violate the express terms of § 522(f) which protects a debtor from any attempts to enforce a lien against exempt property. *In Re Webber,* (Bkrtcy.Or.1980) 7 B.R. 580. Such a construction is consistent with the policy of the Bankruptcy Code granting debtors a "fresh start" after bankruptcy. *See, Annot.* 55 A.L.R.Fed. 353 *et seq.,* and should be available to avoid liens on nonpossessory, nonpurchase money security interests.

■ In spite of the foregoing discussion, § 522(f) does not apply to the facts of this case. Since the enactment of the Bankruptcy Code, numerous cases have addressed the question of whether § 522(f) was intended to apply to liens created before the effective date of the Bankruptcy Code, October 1, 1979. Cases considering this question have decided the issue both ways. *See, Annot.* 55 A.L.R.Fed. 353, cases cited therein.

A recent decision of the United States Supreme Court, however, has resolved the issue adversely to Blake. *United States v. Security Industrial Bank,* —— U.S. ——, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982) held that § 522(f)(2) of the Bankruptcy Act does not apply to liens created before the effective date of the Bankruptcy Act, Oct. 1, 1979. Since First Crown's lien attached on June 9, 1978, § 522(f)(2) is not available to Blake for the avoidance of First Crown's lien. The trial court did not err in holding the lien on Blake's household goods survived the discharge in bankruptcy.

In spite of the fact the lien on Blake's property survived bankruptcy, it was still necessary for First Crown to pursue a remedy in the Indiana courts, since Blake had exempted the property from the bankruptcy estate. Once having obtained a judgment against Blake, First Crown had to follow statutory procedure to satisfy the judgment. Ind.Code 34–1–34–1 *et seq.* A lien attaches to property of a debtor when an execution issues upon a judgment. *Rothchild v. State,* (1929) 200 Ind. 501, 165 N.E. 60; *Deetz v. McGowan,* (1980) Ind. App., 403 N.E.2d 1160.

Faced with the possible seizure of his personal property, a debtor may still interpose certain statutory exemptions listed in Ind.Code 34–2–28–1 to prevent the seizure. Blake argues the court erred in not applying those exemptions to prevent execution upon his personal property. We are not sufficiently apprised of the facts to permit resolution of that issue. To invoke the protection of IC 34–2–28–1 a debtor must first submit an inventory of exempt property to the court to claim his exemption. *Stark v. Lamb,* (1906) 167 Ind. 642, 78 N.E. 668; *Kahn v. Hayes,* (1899) 22 Ind. App. 182, 53 N.E. 430.

The record does not show Blake raised the exemption statute as a defense to execution. Rather than file a responsive motion, including an inventory of exempt property, to First Crown's motion for proceedings supplemental, Blake sought, and was granted, a stay of further proceedings until this appeal is resolved. Since the proceeding below has been stayed we cannot determine whether Blake's personal property is exempt from execution under IC 34–2–28–1.

To conclude, we affirm the judgment of the trial court and its holding that First Crown's lien survived Blake's discharge in bankruptcy. We cannot reach the issue of Blake's Indiana property exemption because Blake did not raise it in the proceedings below.

Affirmed.

MILLER, J., and YOUNG, P.J., concur.