Bruce HOOPER and Ruth S. Hooper, Appellants,

v.

MERCANTILE BANK & TRUST, Appellee.

No. 04–88–00309–CV.

Court of Appeals of Texas, San Antonio.

Dec. 30, 1988.

Chilton Maverick, San Antonio, for appellants.

Robert E. Walsh, Law Offices of Michael R. Hedges, San Antonio, for appellee.

Before BUTTS, CANTU and CHAPA, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a summary judgment. Plaintiff, Mercantile Bank & Trust, sued defendants, Bruce Hooper and his mother, Ruth S. Hooper, on a promissory note with Bruce as the maker and Ruth the guarantor. The Bank prevailed and the defendants appeal, urging ten points of error on appeal.

Stating that the trial court erred in granting summary judgment, the defendants contend that (1) the Bank failed to establish there was no genuine issue of fact; (2) a fact question of offsets and credits was not considered; (3) the Bank violated section 3.306 of the TEX.BUS. & COMM.CODE by failing to reasonably dispose of the underlying security; (4) a fact question was raised as to collection efforts under section 34.02 of the TEX.BUS. & COMM.CODE; (5) it was improper to render judgment against these defendants and not the primary obligor; (6) a material fact issue existed whether Ruth executed the guaranty after the primary obligor was funded and whether she received any consideration; (7) fact issues were presented whether there was fraud in the inducement and whether the Bank obtained the signatures of the defendants through trickery, artifice and/or devise; (8) the court should

have considered as a material fact issue whether Bruce received consideration for signing the promissory note, although the Bank was not a holder in due course.

 In a summary judgment proceeding the burden of demonstrating lack of a genuine issue of material fact is upon the movant, and all doubts are resolved against him. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). The non-movant needs no response to the motion for summary judgment to contend on appeal that the grounds expressly presented to the trial court by movant's motion are insufficient *as a matter of law* to support summary judgment. *Id.* at 678. With the exception of the attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment, the non-movant must expressly present to the trial court any reasons seeking to avoid movant's entitlement, such as those set out in rules 93 and 94 [Texas Rules of Civil Procedure], and he must present summary judgment proof when necessary to establish a fact issue. No longer must the movant negate all possible issues of law and fact that *could* be raised by the non-movant in the trial court but were not. *See, e.g., "Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934 (Tex.1972). *Doyle v. United Services Automobile Ass'n,* 482 S.W.2d 849 (Tex.1972); *Hildalgo v. Sur. Sav. & Loan Ass'n,* 462 S.W.2d 540 (Tex. 1971); *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 679. The non-movant must expressly present to the trial court in a written answer or response to the motion those issues that would defeat the movant's right to a summary judgment. *Id.* Consequently if the non-movant fails to do so, he may not later assign them as error on appeal.

 On review this court will first examine the evidence to support the motion for summary judgment to determine whether the movant—Bank has established the elements of its cause of action conclusively. The summary judgment evidence consisted of the promissory note in the sum of $40,-291.74 with interest, signed by Bruce Hoo-

per on January 23, 1987, its maturity date being January 23, 1988. The note provided that payment was secured by a "letter of guaranty—Ruth Hooper." In evidence was the letter of guaranty signed by Ruth S. Hooper on April 13, 1981. It provided that the guaranty was "in consideration of the dollar in cash, and other good and valuable consideration." The guaranty unconditionally guaranteed payment as to any pre-existing or subsequently incurred indebtedness or liability of the debtor (named as Bruce and Ruth Hooper). Liability of Ruth was not to exceed the sum of $46,-526.56 in addition to interest due, attorney's fees, overdrafts and costs.

Also the movant presented the affidavit of an assistant vice-president of the Bank, Craig Smyle, who stated that he had personal knowledge of the execution of the note, that the principal sum owed on August 23, 1987 was $36,901.14 plus interest, that the note was in default, that an "exact copy" of the promissory note was attached. He further stated he had personal knowledge of the attached true and correct copy of the guaranty. Additionally he stated it was necessary for him to employ a law firm to collect the note and guaranty. Requests for admissions and answers were part of the summary judgment proof.

Other summary judgment evidence presented by the Bank was an affidavit by the collection attorney stating notice of the default had been sent to each defendant (copy of notice letter attached) and alleging a specified sum as reasonable attorney fees.

The moving party must show "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law *on the issues as expressly set out* in the motion...." *Cove Investments, Inc. v. Manges,* 602 S.W.2d 512, 517 (Tex.1980); TEX.R.CIV.P. 166a(c).

We hold that the Bank sustained its burden to establish as a matter of law its stated grounds—that the defendants were the maker and guarantor of the promissory note, that defendants owed the stated principal sum plus interest alleged as the balance on the note, that notice of the default

had been given, and that attorney fees were owed.

Since the Bank established its cause of action conclusively, we now examine the summary judgment evidence tendered by the defendants to defeat summary judgment. When responding to a plaintiff's motion for summary judgment by raising an affirmative defense, unless each element of the affirmative defense is raised by evidence which would be admissible upon the trial of the case, the affirmative defense will not prevent the granting of a summary judgment. The party raising the affirmative defense must make a fact issue on this defense. In the present case the defendants—non-movants had the burden to come forward with proof which raises a fact issue with respect to an alleged affirmative defense. *Kehoe v. Lambert,* 633 S.W.2d 576, 578 (Tex.App.—Houston [14th Dist.] 1982, no writ). The mere pleading of an affirmative defense, without proof, will not defeat an otherwise valid motion for summary judgment. *Id.*

Defendants filed their "Answer to Motion for Summary Judgment and Defendant's First Amended Answer" which is one pleading. The pleading states the promissory note was without consideration, "possible" usury existed in the terms of the note, there is no liability on the part of Bruce, and the personal knowledge of the Bank's attorney who made an affidavit is disavowed. The pleading further states that Ruth received no consideration on signing the guaranty.

Another affirmative defense is alleged: that the notes successive ones (going back for several years) were procured by misrepresentation and an unconscionable course of conduct. Further it is alleged that the Bank was estopped by its unconscionable acts of misrepresentation and deceit, and that possible usurious interest was charged from the inception of the notes. Other affirmative defenses stated are accord and satisfaction and violation of § 3.606 TEX. BUS. & COMM.CODE ANN. (Vernon 1968). In addition appellant alleged violation of former TEX.REV.CIV.STAT.ANN. art. 1986 (parties) (*see* presently, TEX.CIV. PRAC. & REM.CODE ANN. § 17.001) (Vernon 1986) (former corporation which is no longer in existence should be named as a party).

However, the only supporting affidavit of summary judgment proof was that of Bruce Hooper. It addresses possible affirmative defenses of fraud, want of consideration, and violation of the TEX. BUS. & COMM.CODE. His sworn testimony relates that he was the guarantor on notes of Kiwi Golf, Inc. and Colver Golf Co. In 1979 Kiwi went out of business, but, he alleged, the Bank did nothing to secure or sell the collateral. Through trickery, artifice and device, the Bank had Bruce sign as the original maker and his mother as guarantor; neither received consideration. They relied on the expertise of the Bank in signing the note(s). Ruth Hooper filed no affidavit. The existence of a written instrument presumes consideration for this execution. *Hargis v. Radio Corp. of Amer. Electronic Components,* 539 S.W. 2d 230, 232 (Tex.Civ.App.—Austin 1976, no writ); *Guetersloh v. Turner,* 423 S.W.2d 157, 158 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.). A production of the instrument entitled Bank to recover on the note and guaranty unless a defense was established. *Gotcher v. Lamar State Bank,* 714 S.W.2d 365, 370 (Tex.App.—Beaumont 1986, writ ref'd n.r.e.); TEX.BUS. & COMM.CODE ANN. § 3.307(b) (Vernon 1968). In this instance it was incumbent upon the defendants—non-movants to support the affirmative defense of failure of consideration or no consideration by proof. Mere pleading of the defense is not sufficient.

In this regard, the affidavit states:

Neither I nor my mother received any consideration for becoming liable on these notes which were rolled over with interest continually increasing, and neither I nor my mother ever received any consideration.

Affidavits consisting only of conclusions are insufficient to raise an issue of fact. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). The affidavit did not set forth such facts as would be admissible

in evidence, as required by Rule 166a(e). *Id.* The averment going to an affirmative defense of misrepresentation (fraud in the inducement) fails for the same deficiency:

> When the company closed (Kiwi), Mercantile Bank did nothing to secure or sell their collateral in violation of the TEX. BUS. & COMM.CODE § 3.606(a). Instead through trickery, artifice and device, they had me sign as a guarantor.

Further, the allegations that the corporation (Kiwi) on the earlier note should be a party to the suit and that the Bank failed to dispose of the collateral (Kiwi's inventory and other property) are mere conclusory statements. *See Brownlee v. Brownlee, supra.*

The ten points of error are overruled. The summary judgment is affirmed.