**Kenneth G. LUPO, Appellant,**

v.

**EQUITY COLLECTION SERVICE, Appellee.**

**No. 01–90–00694–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 7, 1991.

Rehearing Denied April 25, 1991.

Joe W. Varela, Houston, for appellant.

James D. Robinson, Karri J. Webb, Giessel, Stone, Barker, & Lyman, Houston, for appellee.

Before SAM BASS, HUGHES and PRICE, JJ.

OPINION

PRICE[1], Justice (Assigned).

The appellant, Kenneth G. Lupo, appeals the summary judgment entered in favor of

---

**1.** Honorable Frank C. Price, former justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

the appellee, Equity Collection Service. The appellant also appeals the order denying his motion for summary judgment.

The appellant filed suit against the appellee and Security Pacific Corporation ("Security"). The appellant alleged he borrowed funds from Mariner Corporation ("Mariner"), a wholly-owned subsidiary of Security, in an unsecured revolving installment loan. On or about January 31, 1988, the appellant received from the appellee, as agent for Security, a written demand for payment of $44,603.64. The amount of the demand included interest of $22,896.53. The appellant then called the appellee. An agent of the appellee confirmed the demand of $44,603.64 and stated that interest continued to accrue daily. On February 1, 1988, the appellee sent another demand for $44,633. The appellant claimed the interest charged by the appellee was more than twice that permitted by usury laws. He contended he was entitled to recover penalties provided by TEX.REV.CIV.STAT.ANN. art. 5069–8.02 (Vernon 1987).

The appellant's cause of action against Security was severed from his cause of action against the appellee. The appellant's cause of action against Security is not the subject of this appeal.

The appellee answered the cause of action with a general denial. In addition, the appellee claimed its conduct was the result of a bona fide error. The appellee also contended that the appellant failed to state a cause of action against the appellee.

The appellant filed a motion for summary judgment alleging that no issue of fact existed as to his cause of action. In support of his motion for summary judgment, the appellant submitted his own affidavit. In his affidavit, the appellant claimed that Mariner loaned him $20,000 on May 12, 1987, as evidenced by the billing attached; that the appellee demanded payment of $22,896.53 in interest on January 31, 1988; and that the interest demanded constituted more than 200 percent per annum, more than double the amount permitted under Texas law. The appellant also claimed that in his opinion, as an attorney, a creditor

could not raise the defense of bona fide error under article 5069–8.02, and the appellee had presented no summary judgment proof disputing the appellant's claim.

The appellee filed a response to the appellant's motion for summary judgment contending that bona fide error is a defense available under article 5069–8.02, and that the appellant failed to state a cause of action against the appellee. However, the appellee filed no affidavits or other summary judgment proof in support of its response.

The appellee also filed a motion for summary judgment. The appellee claimed it was not a party to the loan transaction out of which the usury charge arose. Therefore, the appellee contended the appellant could not collect from the appellee the penalties provided by article 5069–8.02.

The trial court granted the appellee's motion for summary judgment and denied the appellant's motion for summary judgment.

In his first point of error, the appellant contends that the trial court erred in granting summary judgment for the appellee on the ground that the appellant failed to state a cause of action. Specifically, the appellant contends the appellee's summary judgment proof failed to establish, as a matter of law, that there was no genuine issue of material fact concerning any element of the appellant's cause of action or concerning all elements of the appellee's defenses to the appellant's cause of action.

In reviewing the grant of a motion for summary judgment, this Court will take all evidence favorable to the nonmovant as true. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); *Goldberg v. United States Shoe Corp.*, 775 S.W.2d 751, 752 (Tex.App. —Houston [1st Dist.] 1989, writ denied). Every reasonable inference will be indulged in favor of the nonmovant, and any reasonable doubt will be resolved in his favor. *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988); *Goldberg*, 775 S.W.2d at 752. To be entitled to summary judgment, the movant

must conclusively prove all essential elements of its claim. *MMP*, 710 S.W.2d at 60. Summary judgment is proper for a defendant if his summary judgment proof establishes, as a matter of law, that there exists no genuine issue of material fact concerning one or more of the essential elements of the plaintiff's cause of action. *Goldberg*, 775 S.W.2d at 752. Summary judgment is also proper for a defendant if he conclusively establishes all elements of his affirmative defense as a matter of law. *Munoz v. Gulf Oil Co.*, 693 S.W.2d 372, 373 (Tex.1984) (quoting *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex.1979)). The movant has the burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *MMP*, 710 S.W.2d at 60; *Goldberg*, 775 S.W.2d at 752.

■ Statutory penalties for usury are provided when:

> Any *person* who violates this Subtitle [Tex.Rev.Civ.Stat.Ann. title 79, subtitle two (Vernon 1987 & Supp.1991), relating to Consumer Credit] by contracting for, *charging* or receiving interest ... which [is] in the aggregate in excess of double the total amount of interest ... authorized by this Subtitle.

Tex.Rev.Civ.Stat.Ann. art. 5069–8.02 (emphasis added). The appellee contends that since it was not a party to the original loan transaction, it cannot be held liable for the statutory penalties. This is a case of first impression.

Since article 5069–8.02 provides that the penalties for usury shall be forfeited to "the obligor," only an immediate party to the loan transaction may seek statutory penalties for usury. *Western Bank–Downtown v. Carline*, 757 S.W.2d 111, 115 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *see also Houston Sash and Door Co. v. Heaner*, 577 S.W.2d 217, 222 (Tex. 1979) (since Tex.Rev.Civ.Stat.Ann. art. 5069–1.06 (Vernon 1987) provides that the penalties be paid "to the obligor," only immediate parties to the transaction may recover the penalties). However, the statute provides that "[a]ny person who violates this Subtitle" is liable for the penalties for usury. Tex.Rev.Civ.Stat.Ann. art. 5069–8.02. While the statute does limit the parties who may recover the statutory penalties, it does not limit the parties who may be liable for the penalties. One who was not an immediate party to the loan transaction may be liable for statutory penalties for usury under article 5069–8.02.

Otherwise, one who was not a party to the original loan transaction, such as a collection agency, could attempt to collect usurious interest without fear of the penalties for usury. A collection agency that collected interest above that allowed by law would profit from its collection. Without the threat of statutory penalties for usury, a collection agency would be free to attempt such a collection. We refuse to interpret the usury laws to allow such actions.

The appellee relies on *Houston Sash* and *Western Bank* to support its contention that only immediate parties to the loan transaction are subject to the statutory penalties for usury. However, the holdings in the cases are more limited than the appellee's contention. In each case, the guarantor of a loan sought to recover from the lender the statutory penalties for usury. *See Houston Sash*, 577 S.W.2d at 218 (guarantor sought penalties under article 5069–1.06); *Western Bank*, 757 S.W.2d at 115 (guarantors sought penalties under articles 5069–8.01 and 5069–8.02). The courts held that the guarantor could not recover the penalties; only immediate parties to the loan transaction could *recover* the penalties. *Houston Sash*, 577 S.W.2d at 222; *Western Bank*, 757 S.W.2d at 115. Therefore, the holding in each case is limited to whether one who was not a party to the original loan transaction can recover the statutory penalties for usury.

The appellee also relies on *Moore v. White Motor Credit Corp.*, 708 S.W.2d 465 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). In *Moore*, the guarantor of an allegedly usurious debt sought to avoid his liability. *Id.* at 472. The court held that even if the debtor could avoid liability because of usury, the guarantor could not escape his liability. *Id.* The defense of usury is person-

al to the debtor. *Id.* The court did not address whether one who was not a party to the loan transaction could be liable for statutory penalties for usury. None of the cases upon which the appellee relies support the proposition that only an immediate party to the loan transaction can be liable for statutory penalties for usury.

Although the appellee was not an immediate party to the loan transaction, it can still be liable for penalties for usury under article 5069–8.02. We find that the appellant did state a cause of action against the appellee. The trial court erred in entering the order granting appellee's motion for summary judgment. We sustain the appellant's first point of error.

Due to the disposition of the appellant's first point of error, we do not address his second point of error.

■ In his third point of error, the appellant contends that the trial court erred in failing to grant the appellant's motion for summary judgment because the appellant's motion for summary judgment was supported by the affidavit of an expert witness, and the appellee's response to the appellant's motion for summary judgment was not supported by a controverting affidavit or any other summary judgment evidence.

■ When both parties in a lawsuit file motions for summary judgment, and one is granted, but the other denied, this Court may determine the propriety of the denial as well as the propriety of the grant. *Greenville Indep. School Dist. v. B & J Excavating, Inc.*, 694 S.W.2d 410, 412 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Teledyne Isotopes, Inc. v. Bravenec*, 640 S.W.2d 387, 389 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.).

To be entitled to summary judgment, the movant must show there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *MMP*, 710 S.W.2d at 60; *Goldberg*, 775 S.W.2d at 752. As discussed above, the appellant stated a cause of action against the appellee. Moreover, in his affidavit, the appellant established that the appellee charged

him interest twice that authorized under Texas law. The appellee presented no summary judgment evidence to controvert the appellant's affidavit. Summary judgment may be based on "uncontroverted testimonial evidence of an interested witness ... if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies." TEX.R.CIV.P. 166a(c). Therefore, the appellant established that there were no genuine issues of material fact and that he was entitled to judgment as a matter of law.

■ The appellee contended in its response to the appellant's motion for summary judgment that its conduct was the result of bona fide error. Bona fide error is available as a defense under article 5069–8.02. *Moore*, 708 S.W.2d at 468–69. When a nonmovant responds to a motion for summary judgment by raising an affirmative defense, the nonmovant must raise a fact issue, by summary judgment proof, concerning the affirmative defense. *Hooper v. Mercantile Bank and Trust*, 762 S.W.2d 383, 386 (Tex.App.—San Antonio 1988, no writ); *Moss v. Metropolitan Nat'l Bank*, 533 S.W.2d 397, 399 (Tex.Civ. App.—Houston [1st Dist.] 1976, no writ). Otherwise, the affirmative defense will not prevent the granting of the summary judgment. *Hooper*, 762 S.W.2d at 386; *Moss*, 533 S.W.2d at 399.

While the appellee did raise bona fide error as a defense in both its answer and its response to the appellant's motion for summary judgment, it did not submit any summary judgment proof that raised a fact issue on its defense. The appellee merely asserted its defense of bona fide error in its answer and its response to the appellant's motion for summary judgment. Pleadings do not constitute summary judgment proof. *Robbins v. Warren*, 782 S.W.2d 509, 511 (Tex.App.—Houston [1st Dist.] 1989, no writ); *Kendall v. Whataburger, Inc.*, 759 S.W.2d 751, 754 (Tex.App. —Houston [1st Dist.] 1988, no writ); *see also Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143, 143 (Tex.1980) (sworn pleadings are not summary judgment evidence). Since the appellee failed to present

any summary judgment proof to raise a fact issue on its affirmative defense of bona fide error, the defense did not defeat the appellant's right to summary judgment. We sustain the appellant's third point of error.

We reverse the summary judgment in favor of the appellee. We reverse the order of the trial court denying the appellant's motion for summary judgment, render judgment in favor of the appellant, and award him $44,603.64 in statutory penalties. The issue of reasonable attorney's fees is severed and remanded for determination by the trial court.