G. Phil BERRYMAN, Appellant,

v.

EL PASO NATURAL GAS
COMPANY, Appellee.

No. 13-91-313-CV.

Court of Appeals of Texas,
Corpus Christi.

June 25, 1992.

Rehearing Overruled Oct. 8, 1992.

James R. Harris, Harris & Thomas, Corpus Christi, for appellant.

Harvey F. Cohen, Austin, for appellee.

Before GILBERTO HINOJOSA, SEERDEN, and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

This is an appeal from a summary judgment granted in favor of El Paso Natural Gas Company. By one point of error, containing several sub-points, appellant Berryman argues that the trial court erred in finding that the one satisfaction rule and res judicata barred his recovery, erred in finding that the doctrines of estoppel by judgment or collateral estoppel apply, and erred in applying the law of the case. We reverse and remand.

An abbreviated history of the case is necessary to fully understand our disposition in the present appeal. Phil Berryman was involved in land development. He was contacted by Bill Bates, a real estate agent for El Paso Natural Gas Company, regarding some property for sale. Berryman entered into an earnest money contract with El Paso Development Company for the sale of the land. The agreed price was $7,293,-609.00 or $4,500.00 per acre. Berryman, unable to obtain financing, entered into another contract with El Paso Development Company for a credit purchase price of $10 million. The terms of the new contract were a $1.5 million down payment with a balance of $8.5 million to be repaid at 8% interest over a period of seven years. After purchasing the property, Berryman failed to pay the first installment. After he failed to pay another installment, the parties modified the agreement, raising the interest rate on the note from 8% to 10%. The contract was later modified to increase the interest rate to 12%.

In August 1986, Berryman filed a lawsuit against El Paso Natural Gas Company and El Paso Development Company claiming usury. The pleadings alleged that El Paso Development Company was the alter ego, agent, or conduit of El Paso Natural Gas Company. He contended the $10 million credit price on the July 20, 1978, note included hidden usurious interest on the original $7,293,609.00 loan. The El Paso companies asserted that the increase in price represented a time price differential. The jury found that the amount was interest, and was usurious. The judgment awarded Berryman $6,548,772.80, as a penalty, which represented *twice* the amount of excess interest which the defendant El Paso Development Company contracted for, charged or received. The trial court directed a verdict that the El Paso Companies were jointly and severally liable.

After the trial court entered judgment, Berryman filed a motion to modify in which he contended for the first time that he was entitled to recover a statutory usury penal-

ty of three times the amount of excess interest rather than two times the excess interest, which he had requested in his pleadings. The trial court denied the request.

The case was then appealed to this Court. In our opinion[1], we upheld the jury's verdict, except for the trial court's directed verdict which had the effect of adjudicating El Paso Natural Gas Company's liability based on alter ego and agency. In our opinion, we said that the record showed that all agreements were between Berryman and El Paso Development Company rather than El Paso Natural Gas. We found that there was *some* evidence of separateness, so an issue on alter ego should have been submitted to the jury.

In Berryman's brief to this Court in *Berryman I*, he asserted by cross point that the trial court had erred denying this request for statutory damages of three times the excess interest rate because the Texas usury statutes required the trebling rather than the doubling of penalty damages. We held that the trial court was correct in assessing a double rather than a triple penalty because the pleadings were filed at a time when the statute mandated a double rather than triple penalty.

All parties filed Applications for Writ of Error to the Texas Supreme Court which were denied. We then issued our mandate, reversing and remanding the case as to El Paso Natural Gas Company, and affirming as to El Paso Development Company. After remand, the parties stipulated that Berryman had received $20,013,020.22 from El Paso Development in full payment for those monies due from El Paso Development under the judgment as modified by the appellate court. The stipulation further stated that the receipt of funds would not satisfy any claim that Berryman might have against El Paso Natural Gas.

Berryman then filed new pleadings against El Paso Natural Gas in the remanded case. He alleged that the case involved claims of usury, both under statutory and common law. He alleged, as he had in the pleadings filed in *Berryman I*, that El Paso Development Company was the alter ego or agent of El Paso Natural Gas. He pleaded that the development company was the mere adjunct of El Paso Natural Gas. In the alternative, Berryman pleaded that El Paso Development's corporate status should be disregarded because El Paso Natural Gas was attempting to use its corporate status as a sham to perpetrate a fraud. In the further alternative, he alleged El Paso Development was an agent of El Paso Natural Gas Company. In addition, Berryman claimed that El Paso Natural Gas had *received* monies from the usurious transaction and retained benefits. While it appears that Berryman pleaded derivative liability, there is language in Berryman's Fourth Amended Petition which gives rise to a suggestion that he is also asserting that El Paso Natural Gas is liable by itself.[2]

The crux of Berryman's pleadings in the case now before us is an attempt to receive those penalty damages for usury which were denied to him in the first trial and in the first appeal. He makes two arguments. First, Berryman claims that El Paso Natural Gas is liable because El Paso Development is its agent or alter ego. At trial, if it is determined that the two El Paso entities are actually one and the same, Berryman urges that he will then be entitled to recover those penalty damages that he is entitled to recover by law, but did not receive in *Berryman I*. Basically, this would be one times the usurious interest contracted for, charged, or received that he did not receive in *Berryman I*. Second, Berryman argues that if El Paso Natural Gas Company is truly a separate entity from El Paso Development, then he may be entitled upon proper proof to obtain the full statutory penalties against El Paso Natural Gas. The primary allegation under this theory is that El Paso Natural Gas *received* usurious interest. The first argu-

---

**1.** *El Paso Development Company v. Berryman,* 769 S.W.2d 584 (Tex.App.—Corpus Christi 1989, writ denied). We will refer to this opinion as *Berryman I* throughout this opinion.

**2.** In the absence of special exceptions, we liberally construe the pleadings. *Roark v. Allen,* 633 S.W.2d 804, 809 (Tex.1982).

ment asserts derivative liability; the second asserts primary liability.

After Berryman filed his pleadings in the remanded case, El Paso Natural Gas moved for summary judgment on affirmative defenses of collateral estoppel, res judicata, law of the case, and estoppel by judgment. Its summary judgment proof consisted of the following documents from *Berryman I:* the petition, the judgment, the motion to modify and the order denying it, the brief, the opinion, the motion for rehearing, and the application for writ of error. The proof also included the information concerning the payment of the judgment by El Paso Development after the first case had been through the appellate system. In its motion, El Paso Natural Gas stated that all damages attributable to Berryman's usury claim could have been brought in the first trial, were sought and denied in the first trial, or were recovered in the first trial and paid in full.

In response to the motion for summary judgment, Berryman submitted that there was no satisfaction of judgment because the acknowledgement of payment specifically excluded the right to seek additional relief against El Paso Natural Gas, there was no res judicata because there was no final judgment, and there was no collateral estoppel or estoppel by judgment because El Paso Natural Gas's liability for the inclusion of usurious interest was never determined. Berryman also asserted that the law of the case did not bar his claim in the new case because new pleadings were filed and additional evidence will be presented. He also argued that the law of the case was not applicable because our holding allowing him to recover only two times the penalty damages in *Berryman I* was clearly erroneous.

To support his claims, Berryman offered summary judgment evidence which included the affidavits of James Harris and Scott Turner. In addition to reiterating the history of the case, Harris swore that Berryman had engaged in extensive discovery to prepare for trial, that the case would be heard on new pleadings and new evidence, and that Berryman had not received monies he was entitled to under the statute.

Turner's affidavit states that he is a certified public accountant aware of the usury laws in Texas. According to Turner, only two times the usurious interest was awarded in the judgment against El Paso Development in the *Berryman I* judgment. Two times the usurious interest awarded was $6,548,773.00. He also said that two times the total interest charged under the subject contract was $10,368,864.00. The interest penalty amount which was not recovered from El Paso Development under the judgment signed October 10, 1987, according to pre–1979 usury law is $3,820,091.00. Three times the usurious interest charged under the subject contract is $9,823,083.00. The interest penalty which was not recovered under the judgment according to post–1979 Texas Usury Law is $3,374,310.00.

█ The trial court, in granting judgment for El Paso Natural Gas, did not indicate which argument it found correct. Conclusive proof of any one of the four defenses is sufficient to affirm the summary judgment. *Martinez v. Corpus Christi Area Teachers Credit Union*, 758 S.W.2d 946, 950 (Tex.App.—Corpus Christi 1988, writ denied). In a summary judgment, the movant has the burden of showing that there is no genuine issue of material fact. *Goswami v. Metropolitan Savings & Loan*, 751 S.W.2d 487, 491 (Tex. 1988). All evidence and reasonable inferences favorable to the non-movant will be considered true and indulged in his favor. *Id.* In moving for summary judgment based upon an affirmative defense, the movant must prove all elements of the affirmative defense as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972).

█ The first argument covered in the summary judgment motion filed by El Paso Natural Gas is that the case was barred by collateral estoppel. Because this was a summary judgment case, El Paso Natural Gas was required to prove as a matter of law that: (1) the facts sought to be litigated in the first action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as

adversaries in the first action. *Mower v. Boyer*, 811 S.W.2d 560, 563 (Tex.1991); *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex.1990). In *Berryman I*, while the usury issues against El Paso Development were litigated, there were no issues submitted to the jury concerning El Paso Natural Gas. The jury did not determine the legal status of El Paso Natural Gas. The trial court's directed verdict against El Paso Natural Gas was subsequently reversed by this court in *Berryman I*. We hold as a matter of law that because there has been no disposition on the joint and several liability claim El Paso Natural Gas has not proven that Berryman is collaterally estopped by the judgment entered against El Paso Development. El Paso Natural Gas Company's liability was never determined.

■ The second reason El Paso Natural Gas presents for granting summary judgment is that Berryman's claims are prohibited because of res judicata. A necessary prerequisite for the application of the doctrine is that there must be a final judgment. *See Mower v. Boyer*, 811 S.W.2d at 562. Here, our reversal of the case as to El Paso Natural Gas in *Berryman I* means that there was no final judgment. The defense of res judicata was not established as a matter of law.

■ We next address whether summary judgment was proper based upon law of the case and the one satisfaction arguments presented by Berryman. The law of the case is that principle under which questions of law decided upon appeal to a court of last resort will govern a case throughout its subsequent stages. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986). For the law of the case to govern later cases, questions of law must be in issue, the issues in the second case must be substantially the same as those involved in the first case, and the decision in the first case must not be clearly erroneous. *Barrows v. Ezer*, 624 S.W.2d 613, 616–17 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ).

The purpose and effect of the doctrine is to prevent useless litigation and protect the solemnity of a final judgment. Prior appellate pronouncements have no effect on later proceedings after remand in a case if the legal issues are different. *Rose v. Baker*, 143 Tex. 202, 183 S.W.2d 438, 442 (1944); *Transport Ins. Co. v. Employers Casualty Co.*, 470 S.W.2d 757, 762 (Tex. Civ.App.—Dallas 1971, writ ref'd n.r.e.). If a case has been generally remanded by an appellate court, it stands as if it had never been tried and the parties are free to amend their pleadings and assert new causes of action. This could, of course, render prior pronouncements of the appellate court of no effect. The law of the case applies only if the facts in the second case are substantially the same as on the first case or so nearly the same that they would not materially affect the legal issues involved in the second case. This rule will have less effect, however, if the prior appellate pronouncement involves a question unaffected by the evidence, such as the construction of a statute. There is conflicting case law concerning the party who has the burden of demonstrating evidentiary differences in the second trial.[3]

■ Berryman argues that the law of the case is not applicable to the case at bar. First, he argues that the law of the case doctrine applies only to questions of law and not questions of fact. He claims that the facts which are to be presented in the second case will be significantly different.

As we stated earlier, Berryman has pleaded two theories of liability. If it is determined that El Paso Natural Gas is a separate entity, Berryman would not be precluded from recovery by the law of the case doctrine. All issues determined by the court in *Berryman I* were applicable to Berryman's case against El Paso Development. No substantive issues were decided concerning any action by El Paso Natural Gas which would subject it to liability for usury penalties under the statute. Berry-

---

**3.** *See Yeager v. Dallas Coffin Co.*, 69 S.W.2d 493, 494 (Tex.Civ.App.—San Antonio 1934, writ dism'd) (placing the burden of proof on party relying on the law of the case to show evidentiary identity); *Kropp v. Prather*, 526 S.W.2d 283,

286 (Tex.Civ.App.—Tyler 1975, writ ref'd. n.r.e.) (placing the burden on the party asserting that the evidence is different to demonstrate the difference).

man's summary judgment proof shows that he has pleaded a new case and has conducted additional discovery. We cannot hold, on the record before us, that, as a matter of law, (1) El Paso Natural Gas is not a separate entity, (2) it did not, separate from El Paso Development Company, violate the Texas usury laws, and (3) Berryman has received all that he is entitled under the statute. The "law of the case" doctrine only applies to questions of law expressly presented to and decided by the appellate courts. *Id.* at 630. The doctrine may not apply where issues presented at successive appeals are not identical and applies only if it appears in the second appeal that the facts are substantially the same as those in the first trial. *Kropp v. Prather,* 526 S.W.2d 283, 285 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.). Therefore we believe that the law of the case has not been determined to apply as a matter of law because the issues in the second case have not been conclusively shown by the summary judgment evidence to be the same as those in *Berryman I.*

■ Even if the issues were the same, Berryman argues that the law of the case doctrine would not be applicable because the "clearly erroneous" exception to the law of the case doctrine applies.

In *Berryman I,* we held that plaintiff could only recover twice the amount of usurious interest charged because that was the law in Texas at the time the pleadings were filed. In fact, at the time the pleadings were filed, Tex.Rev.Civ.Stat.Ann. art. 5069–1.06 provided that "any person who contracts for, charges, or receives interest which is greater than the amount authorized by this Subtitle *shall forfeit* to the obligor *three* times the amount of interest contracted for charged or received ..." (emphasis added). Therefore, our holding was clearly erroneous.

Appellee argues, however, regardless of what the law was at the time that the

pleadings were filed, the issue was waived by appellant's pleading the incorrect amount, citing the Supreme Court in *Stacks v. East Dallas Clinic,* 409 S.W.2d 842 (Tex.1966). In *Stacks,* the Supreme Court held that when the plaintiff's pleadings were based entirely on double recovery under a particular section of the usury statute, a recovery for the single amount of interest under another section of the statute could not be allowed.[4] *Id.* at 845. *Stacks* does not control here. In this case, Berryman pleaded for penalty damages under Tex.Rev.Civ.Stat.Ann. art. 5069–1.06. He is still attempting to recover under that section of the statute for penalty damages. He failed, however, to plead the correct amount of penalty damages under that section of the statute.

■ We do not believe that Berryman's pleading for the incorrect amount of penalty damages precludes him from recovering the correct amount upon a finding that the appellee charged usurious interest. The penalty provisions in the statute are meant to punish and deter those who charge usuriously. The provisions are mandatory on the court upon a finding that a party has committed usury. The language is unequivocal: the person *shall* forfeit three times the amount to the obligor. Tex.Rev. Civ.Stat.Ann. art. 5069–1.06 (Vernon 1979). Upon a finding that the usurious interest has been charged, the penalty provision applies regardless of the amount that is suggested by the pleadings. A lender's receipt of an excess interest rate allows the debtor to receive penalty damages without first demanding payment. *See Mossler Acceptance Co. v. Baker,* 149 S.W.2d 1016, 1018 (Tex.Civ.App.—Galveston 1941, writ ref'd).

We therefore find that, even if the law of the case applied in this case, our prior holding with regard to the penalty provision was clearly erroneous and does not

---

4. The statute at the time of *Stacks* provided that an individual could seek recovery for double the amount of usurious interest against a person who received usurious interest. A suit brought under this section entitled one to receive a *penalty.* This is distinguishable from pleadings in which a defense is urged against the enforce-

ment of a usurious contract or when a suit is brought to cancel interest imposed by a usurious contract. This as considered by the court in *Stacks* to be a separate action which should have been pleaded as such. *See also Jennings v. Texas Farm Mortgage Company,* 124 Tex. 593, 80 S.W.2d 931, 934 (1935).

bar Berryman, as a matter of law, from pursuing his right to recover those penalties not recovered in the first case, i.e. one times the usurious interest charged.

 Finally, El Paso Natural Gas argues that Berryman has already been fully satisfied for his injuries. He urges us to apply the "one satisfaction" rule to this case. The one satisfaction rule is that a party who has been fully compensated for his injuries is not entitled to additional damages. *See Bradshaw v. Baylor,* 126 Tex. 99, 84 S.W.2d 703 (Tex.1935). Its purpose is to limit an injured party to a single satisfaction for one injury. *Id.* 84 S.W.2d at 705. Recently, the Supreme Court reiterated that there can be but one recovery for one injury, and the fact that more than one defendant may have caused the injury or that there may be more than one theory of liability, does not modify that rule. *Stewart Title Guaranty Co. v. Sterling,* 822 S.W.2d 1, 8 (Tex.1991).

 Under Tex.Rev.Civ.Stat.Ann. art. 5069–1.06, any person who contracts for, charges or receives interest which is greater than the amount authorized shall forfeit three times the amount of usurious interest. Again, the determination of whether El Paso Natural Gas and El Paso Development is a single entity will control what additional damages, if any, Berryman may be entitled to recover. A plaintiff is not foreclosed from recovering usury penalties for the usurious acts of separate defendants. *See Lupo v. Equity Collection Service,* 808 S.W.2d 122, 124 (Tex. App.—Houston [1st Dist.] 1991, no writ). In *Lupo,* the Court stated that a party does not have to be an immediate party to the loan transaction to be responsible for penalties under the statute. These damages are penalty damages and may be assessed against *each* offending party. The single injury rule allows a party to be compensated only once for a single injury. However, this would not preclude two defendants, who acted in concert to injure that party, to each be liable for penalty damages, if they separately violated the statute. This

would, in our opinion, preclude Berryman from further recovery against El Paso Natural Gas of three times the usurious interest only if it were determined to be in an agency or alter ego relationship with El Paso Development. Otherwise it can, if plaintiff proves a separate violation of article 5069–1.06, recover the full penalty damages. If El Paso Natural Gas is merely in an agency or alter ego relationship with El Paso Development, we believe recovery would be limited to the penalty amount not received in *Berryman I,*[5] if anything.

In sum, we hold that El Paso Natural Gas has not established its affirmative defenses as a matter of law. We reverse and remand to the trial court.

---

**5.** The one satisfaction rule would not bar recovery for one time the usurious interest under an agency theory since, as discussed above, appellants have only recovered twice the usurious interest charged or received and they were entitled to recover three times the interest contracted for, charged or received.